## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL SECURITY ARCHIVE**<br>2130 H Street, N.W., Suite 701<br>The Gelman Library<br>Washington, DC 20037,<br><br>Plaintiff,<br><br>v.<br><br>**CENTRAL INTELLIGENCE AGENCY**<br>Washington, DC 20505,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Plaintiff National Security Archive seeks injunctive, declaratory and other appropriate relief for the expedited processing and release of agency records requested by plaintiff from defendant Central Intelligence Agency ("CIA"). Specifically, plaintiff seeks the expedited disclosure of several cables concerning the role of Deputy Director of the CIA Gina Haspel in the Agency's use of "enhanced interrogation."

### Jurisdiction and Venue

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff National Security Archive, founded in 1985, is an independent non-governmental research institute and library.  The Archive collects and publishes declassified documents obtained through the Freedom of Information Act.  The Archive also serves as a respository of government records on a wide range of topics pertaining to the national security, foreign, intelligence, and economic policies of the United States.  The Archive won the 1999 George Polk Award, one of U.S. journalism's most prestigious prizes, for – in the words of the citation – "piercing the self-serving veils of government secrecy, guiding journalists in the search for the truth and informing us all."  It also was awarded the 2005 Emmy Award for outstanding achievement in news and documentary research.  The Archive is a representative of the news media as defined in 5 U.S.C. § 552(a)(4)(a)(ii).  *See Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381 (D.C. Cir. 1989).

4. Defendant Central Intelligence Agency ("CIA") is a component of the Executive Branch of the United States Government.  The CIA is an "agency" within the meaning of 5 U.S.C. § 552(f).

## Statutory and Regulatory Background

5. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

6. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

7.  The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as "other cases determined by the agency."  5 U.S.C. § 552(a)(6)(E)(i).  The FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity."  *Id.* at § 552(a)(6)(E)(v)(II).

8.  Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request."  5 U.S.C. § 552(a)(6)(E)(ii)(I).  CIA regulations mirror this requirement, directing that "within ten (10) days of receipt, the Agency will decide whether to grant expedited processing and will notify the requester of its decision."  32 C.F.R. § 1900.34(c).

9.  An agency's failure to respond within 10 calendar days to a request for expedition, or to deny a request for expedition, is subject to judicial review without exhausting administrative remedies.  5 U.S.C. § 552(a)(6)(E)(iii).

**Plaintiff's Interest in U.S. Policy on Detention, Interrogation and Torture**

10. Plaintiff National Security Archive sponsored the production of the award-winning 2008 documentary film "Torturing Democracy," which chronicles the evolution of U.S. policy on detention and interrogation post-September 11, 2001 and shows how Japanese war crimes and Chinese and North Korean torture techniques – taught in the U.S. military's survival training to enable soldiers to resist those methods – became standard operating procedure for CIA and military detainees after 9/11.  Produced and directed by Archive senior fellow Sherry Jones, "Torturing Democracy" won the Robert F. Kennedy Journalism Award as the "definitive broadcast account of a deeply troubling chapter in recent American history."

11.  The National Security Archive maintains and curates the Torture Archive, an online repository of more than 16,000 documents charting the evolution of United States government policy on torture in the "global war on terror" since September 11, 2001.  Compiled and cataloged by Archive production editor Wendy Valdes, the Torture Archive features documents from a wide range of sources, including records disclosed through the American Civil Liberties Union's successful lawsuits against the Department of Defense and other federal agencies; documents from the Combatant Status Review Tribunals ("CSRT") and Administrative Review Boards ("ARB"); FOIA requests by the Center for Constitutional Rights and the National Security Archive; and court documents from Writs of Habeas Corpus Petitions filed by Guantanamo detainees in U.S. district courts.  The University of Wisconsin's Internet Scout Report recognized the Torture Archive as one of "the most valuable and authoritative resources online," stating that "83,000 digitized pages of items related to torture might not be everyone's cup of tea, but this invaluable resource created by the National Security Archive at the George Washington University is a real gem and an important research tool."

12.  National Security Archive staff are called on frequently by news media outlets to discuss their expert knowledge of CIA activities, including the agency's role in torture.  Archive director Tom Blanton appeared on both the Colbert Report and NPR's Kojo Nnamdi Show in December 2014 to discuss the Senate Select Committee on Intelligence's scathing report on the CIA's torture tactics, *Committee Study of the Central Intelligence Agency's Detention and Interrogation Program*.  Archive senior fellow John Prados has recently discussed the CIA's torture program, as well as Gina Haspel's nomination to lead the agency, with NPR's Morning Edition, among other news outlets.

13.  Experts working at the National Security Archive have authored a number of books on the CIA over the years, most recently John Prados's *The Ghosts of Langley: Into the CIA's Heart of Darkness*, published by The New Press in 2017. Other recent publications include the late Jeffrey Richelson's authoritative work, *The U.S. Intelligence Community*, the 7th edition of which was released in 2015, and Prados's 2013 book, *The Family Jewels: The CIA, Secrecy, and Presidential Power*.

14.  Staff of the National Security Archive identified twelve specific cable numbers that were referenced in footnotes of the Senate Select Committee on Intelligence's report, *Committee Study of the Central Intelligence Agency's Detention and Interrogation Program*, declassified in 2014.  The cable numbers identified by the Archive correspond to the time period Abd al Rahim al Nashiri was detained in a CIA black site prison in Thailand, where he was waterboarded three times, and *New York Times* and *Pro Publica* reporting confirming Gina Haspel's managerial role at the prison at the same time.

### Plaintiff's Request for Expedited FOIA Processing and the CIA's Denial of Plaintiff's Request

15.  By letter sent to defendant CIA on April 16, 2018, plaintiff National Security Archive requested under the FOIA agency records maintained by the CIA.  Specifically, plaintiff requested:

> The twelve cables referenced in footnotes 336 and 337 on page 67 of the Senate Select Committee on Intelligence's *Committee Study of the Central Intelligence Agency's Detention and Interrogation Program* declassified in 2014.
>
> These cables are:
>
> 11246 (November 02)
> 11258 (November 02)
> 11263 (November 02)

5

11270 (November 02)
11284 (November 02)
11294 (November 02)
11293 (November 02)
11322 (November 02)
11352 (December 02)
11359 (December 02)
11344 (November 02)
78275 (December 02)

16.  In its letter to defendant CIA dated April 16, 2018, plaintiff stated that, "**This request qualifies for expedited processing according to Subsection 552(a)(6)(E) of FOIA** . . ." (emphasis in original).  Plaintiff further stated that it is a "news media organization primarily engaged in disseminating information," and that "[t]his request concerns a matter of current exigency to the American public."  Plaintiff stated that the requested documents were "authored or authorized by Gina Haspel . . . whose nomination to be Director of the CIA is under consideration by the US Senate."  Plaintiff further stated that delay in disclosure of the requested records "would harm the public's ability to assess information about Gina Haspel's prior role in the CIA's use of enhanced interrogation" during the Senate confirmation process.

17.  By letter to plaintiff dated April 18, 2018, defendant CIA acknowledged that it received plaintiff's FOIA request described in ¶15 on April 17, 2018, and assigned it Reference No. F-2018-01388.  Defendant further advised plaintiff that "[y]our request for expedited processing is hereby denied."

18.  Plaintiff has exhausted the applicable administrative remedies with respect to its request for expedited processing of its FOIA request.

19.  Defendant CIA has wrongfully denied plaintiff's request for expedited processing and has wrongfully withheld the requested records from plaintiff.

**PLAINTIFF'S CLAIM FOR RELIEF**

**CLAIM ONE**
**(Failure to Grant Expedition)**

20.   Plaintiff repeats and re-alleges paragraphs 1-19.

21.   Plaintiff properly asked that the CIA expedite the processing of plaintiff's FOIA request, which sought agency records within the custody and control of the CIA, demonstrating "compelling need," in that plaintiff's request was "made by a person primarily engaged in disseminating information" and there is an "urgency to inform the public concerning actual or alleged Federal Government activity."

22.   Defendant CIA improperly denied plaintiff's request for expedition.

23.   Plaintiff has exhausted all applicable administrative remedies with respect to defendant's denial of plaintiff's request for expedition.

24.   Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested records.

**Requested Relief**

WHEREFORE, plaintiff respectfully requests that this Court:

(1)   Order defendant CIA to immediately and fully process plaintiff's April 16, 2018 expedited FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2)   Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3)   Provide for expeditious proceedings in this action;

(4)   Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5)     Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.


Respectfully submitted,


 */s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418

5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015-2052
(202) 246-6180
sobel@att.net

Counsel for Plaintiff